UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:14-cv-00012-MOC-DLH

| | | |
|---|---|---|
| **TATANISHA L. HOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **HOLLAND BELEAU** | ) | |
| **COUNTY OF CHEROKEE ADMINISTRATION** | ) | |
| **BRIAN ESTES,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of the magistrate judge's April 28, 2014, Order requiring plaintiff to submit a completed AO 239 (the "long form") in support of her IFP application. After such order was returned as undeliverable to the address supplied by the *pro se* plaintiff and a second attempt was made to deliver such Order to plaintiff at another address, the Clerk of Court successfully delivered the magistrate judge's Order to plaintiff's parents' address on or about May 19, 2014. In that Order, the magistrate judge advised plaintiff that the affidavit she had filed was not sufficient and that she needed to complete and return such form to the court within 20 days. Nearly a year later, plaintiff has not submitted the form submitted to her by the court.

The court has independently reviewed the affidavit plaintiff filed in support of her application to proceed *in forma pauperis* and conducted an initial screening of her *pro se* Complaint against governmental entities. Assuming without deciding that the affidavit would provide a sufficient basis for making an *in forma pauperis* determination, the court has first

considered whether it has jurisdiction over this Title VII action. Close review of the Complaint reveals that plaintiff has attempted to file this Title VII action in the wrong district.

While plaintiff may well reside in this district with her parents in Kings Mountain, North Carolina, all of the acts complained of purportedly occurred in Cherokee County, *South Carolina*. While not identified by name in the Complaint, the court conclusion that plaintiff is challenging employment actions in South Carolina is informed by the following:

(1) plaintiff alleges that she was employed by the Cherokee County Sanitation Department, which operated its own garbage trucks. Most rural North Carolina counties (including Cherokee County), do not operate a sanitation department or garbage trucks, but instead franchise such operations. Cherokee County, North Carolina, has a Solid Waste Department, not a sanitation department. Review of Cherokee County, South Carolina's website indicates that it does operate garbage trucks, as disclosed by its inclusion of a picture of a garbage truck on such website;

(2) plaintiff alleges that she received the job by applying through an employment agency in Gaffney, South Carolina, which the court notes is the county seat of Cherokee County, South Carolina. This court doubts that Cherokee County, North Carolina, would fill county jobs through an employment service in another state; and

(3) Gaffney is 23 miles from Kings Mountain, a reasonable commute, while Murphy (the county seat of Cherokee County, North Carolina) is 193 miles from plaintiff's home, a nearly impossible commute.

Inasmuch as this court lacks personal jurisdiction over any of the South Carolina defendants and none of the alleged wrongful acts occurred in this district, this action will be transferred to the United States District Court for the District of South Carolina for further proceedings.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this action is transferred to the United States District Court for the District of South Carolina for further proceedings.

Signed: April 16, 2015

Max O. Cogburn Jr
United States District Judge